# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

## § 2241 HABEAS CORPUS PETITION FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 28 U.S.C. § 2241
## OR IN ACTIONS CHALLENGING REMOVAL PROCEEDINGS

Inmate/Alien # RUFUS C. ROCHELL #08628-017

Federal Correctional Complex-Low

P.O. Box 1031

Coleman, FL 33521-1031

(Enter full name of Petitioner,
prison number or alien [A] number, if applicable,
AND address of place of confinement.)

vs.

CASE NO: 5:09-CV-300-OC-25 GRJ
(To be assigned by Clerk)

WARDEN> TAMYRA JARVIS,

Federal Correctional -Low,

868 NE 54th Terr.,

Coleman, FL 33521,

(Enter name and title of each Respondent.
If additional space is required, use the blank
area below and directly to the right.)

## ALL APPLICANTS MUST COMPLETE THIS ENTIRE FORM

## ANSWER ALL OF THE FOLLOWING:

1. This petition concerns (check where applicable):

    (a). ☐ a conviction
    (b). ☒ a sentence
    (c). ☐ prison disciplinary action or other action resulting in lost gain time credits
    (d). ☐ parole
    (e). ☐ immigration/removal
    (f). ☐ other (explain): _____

2. Provide the following information regarding the conviction(s) and sentence(s) for which you are presently incarcerated:

    (a). Name(s) and location(s) of court: __Northern District of Florida (Gainesville Division)__

    (b). Case Number(s): __GCR 88-01007 MMP__

    (c). Charge(s) for which you were convicted: __Conspiracy with intent to distribute 50 grams or more crack cocaine. Count #2 possession with intent to distribute 50 grams or more of crack.__

    (d). What was your plea? (Check one)
       (1) Not Guilty     ☒
       (2) Guilty         ☐
       (3) Nolo contendere ☐

    (e). Did you appeal from the judgment of conviction?    Yes ☒    No ☐

3. If you did appeal, answer the following:

    (a) Name of Court: __11 th. Circuit Court of Appeals__    Case #: __08-14868-D__

    (b) Result: __Affirmed__

    (c) Date of opinion and mandate (citation, if known): __Unknown__
    _____Unknown_____

4. Claims that challenge your conviction or imposition of sentence can only be raised by motion under 28 U.S.C. § 2255 unless the § 2255 motion is inadequate or ineffective to test the legality of your detention. If any of the grounds raised above challenge your conviction or sentencing:

    (a) Have you filed a motion under 28 U.S.C. § 2255?
        Yes ☒          No ☐
    If yes, please provide the case #, where filed, relevant date(s), and the results: __GCR 88-01007__

2

(b). Explain why the remedy under § 2255 was or is inadequate or ineffective: _____

Because exhausted 2255 remedy, $and 2241 is the proper remedy for the issues at hand. Furthermore, defendant has exhaused the issues through the institutional rememdies, through regional and National.

5. Are you currently represented by counsel in this case or in any other court case?

   Yes ☐   No ☒
   If yes, please explain: _____

6. If this case concerns removal proceedings:
   (a) Date of final order of removal: ____N/A____

   (b) Did you file an appeal with the Board of Immigration Appeals?   Yes ☐   No ☐

7. In the spaces below, set forth every ground which supports your claim that you are incarcerated unlawfully. Briefly summarize the specific facts in support of each ground raised. Conclusions that are not supported by specific facts are insufficient. You may attach additional pages if necessary to raise additional grounds or provide additional facts. Do not cite any law in your statement of facts.

(a). Ground one: Based on pre-existing SRA Law <"old law" sentencing laws. That states clearly under P.S. 5880.28, for a sentence that was imposed on or after June 30, 1988, but prior to January 18, 1989. His sentence must be compute in accordance with parole eligbility in accordance with pre-existing SRA Laws.

Supporting FACTS (state *briefly* without citing cases or law): _____

Defendant Rochell, in this petition was sentenced in was sentenced to 420 months for conspiracy with intent to distribute 50 grams of cocaine base and count #2 alleged possession with intent to distribute 50 grams of the same. Defendant was convicted on both counts and sentenced 420 months concurrently.

Exhaustion:
[1] - Have you presented ground one to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?

   Yes ☒   No ☐
If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals:

I presented the matter to the institution on under all availible remedies including a BP-8, BP-9 to the warden, BP-10 to the Southeast

SEE ATTACHED STATEMENT - - - 2241

3

<u>ATTACHMENT STATEMENT</u>   --- 2241

Regional Office in Atlanta, to the National Regional Office in Washington D.C. Informal resolution was denied on or about 9-16-08, Regional Administrative Appeal on or about 10-24-08 case No. 508962-R1. Then filed To the Central Office and was denied on March 18, 2009, in the National Office in Washinton, D.C.

Now, according to the National Office in Washington, DC the following information was alleged that was clearly erroneous, stating you provide no new information in this matter beyond that which I supplied in my request for Administrated Remedy at the Institutional and Regional levels. Further stating a review of this matter reveals on **October 10, 1998,** you were sentenced in the Northern District of Florida to a term of 420 months. The date of offense on the Judgement and Commitment is April 6, 1988. Then stating I was sentenced on a second charge on March 26, 1990, in the Northern District of Florida to a term of 60 months. It was determined the date of the offense concluded on this charge **October 20, 1988.**

The above statement, was alleged in the response from the National Office in Washington, DC. Which is totally erronious, especially referring to the dates of <u>**October 10, 1998,**</u> stating I was sentenced for the two counts of drugs that date. I was sentenced in the Gainesville, Florida, being the Northern District of Florida on **October 20, 1988**, on both counts of the indictment charging Conspiracy with intent to distribute 50 grams or more of crack cocaine, being count #1 and count #2 charged possession with intent to distribute 50 grams or more. I was sentenced to 420 months on both counts to run concurrent. Now with the above being stated my sentencing date of **October 20, 1988,** falls within the window between **June 30, 1988** and **January 18, 1989**, in accordance to P.S. 5880.28, February 21, 1992 Page 1-87. Therefore, is no doubt that I shouldn't be sentenced to pre-existing SRA Laws <**Old law" sentencing laws>**, Which furtherance would entail this gentleman to a parolable eligibility in accordance with the pre-existing laws under that program statement.

Appearently, from the response from the National, as well as the Central Office, it appears they are trying to mix **"apples with oranges"** and the **March 26, 1990** charges are no way related to the drug conspiracy charges, in which defendant received 420 months for. Because that March 26, 1990 charge was obstruction of justice, being a totally different indictment, having nothing to do with the drug conspiracy charges, as your court can very well see stemming from both indictments being introduced as exhibits.#1 and #2. It should be noted the sentencing being challenged are stemming from indictment **88-01007MMP** only, in which indictment and sentence was based upon, and the indictment being filed April 6, 1988. Anything outside of this indictment is totally unrelated and shouldn't be relevant to this matter.

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground one to the Board of Immigration Appeals?   Yes ☐   No ☐
If yes, please provide the results of the proceeding(s) and the relevant date(s). _____

(b). Ground two: _____ N/A _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____ N/A _____

Exhaustion:

[1] - Have you presented ground two to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
   Yes ☐   No ☐
If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals:

_____ N/A _____

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground two to the Board of Immigration Appeals?   Yes ☐   No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). _____

(c). Ground three: _____ N/A _____

4

Supporting FACTS (state *briefly* without citing cases or law): _____

_____**N/A**_____

_____

_____

_____

_____

Exhaustion:
[1] - Have you presented ground three to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
   Yes ☐  No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals:

_____

_____**N/A**_____

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground three to the Board of Immigration Appeals?    Yes ☐    No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). _____

_____

(d). Ground four: _____**N/A**_____

_____

_____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____**N/A**_____

_____

_____

_____

_____

Exhaustion:
[1] - Have you presented ground four to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
   Yes ☐  No ☐

5

If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals:

_____

_____

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground four to the Board of Immigration Appeals?   Yes ☐   No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). _____

_____

8. WHEREFORE, based upon the grounds raised above, Petitioner prays that the court will grant the following relief: **That this Court will consider the sentencing factors in this case and imposed after June 30, 1988 but prior to January 18, 1989, compute in accordance with the SRA sentencing laws and parole eligbility in accordance with pre-existing SRA laws <"old law" sentencing laws> as follows: 18 USC § 4205<a> SPC=0099 SRA GCT & Parole Eligibility.**

_____

### DECLARATION

I declare under penalty of perjury that I have read the above and the information contained herein is true and correct.

7-6-09
(Date)

Rufus C. Rockell
Signature of Petitioner

### IF MAILED BY PRISONER:

I declare or state under penalty of perjury that this petition was (check one):

☐ delivered to prison officials for mailing,   or   ☒ deposited in the prison's internal mail system on:

7-6-09 (date).

Rufus C. Rockell
Signature of Petitioner

Rev. 12/05 ecb

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.

WILLIE BUD REED, JR. aka Ice,
RICHARD WILLIAMS aka Big Rick,
RUFUS ROCHELL aka Poppa,
TERRY L. REED,
GREGORY D. SANDERS,
and LENORE FOUNTAIN

GAINESVILLE CRIMINAL
NO. 88-01007
INDICTMENT

UNDER SEAL
UNSEALED 4/20/88

THE GRAND JURY CHARGES:

## COUNT I

That on or about May 1, 1986, and continuing through to the date of this indictment, in the Northern District of Florida, the defendants,

WILLIE BUD REED, JR. aka Ice,
RICKY WILLIAMS aka Big Rick,
RUFUS ROCHELL aka Poppa,
TERRY L. REED,
GREGORY D. SANDERS,
and LENORE FOUNTAIN

did unlawfully combine, conspire, and agree with each other and with others not charged herein to possess with intent to distribute more than 50 grams of a mixture containing cocaine base, a controlled substance, being a violation of

FILED IN OPEN COURT THIS

April 6, 1988
CLERK, U. S. DISTRICT
COURT, NORTH. DIST. FLA

(EXHIBIT B)
(EXHIBIT B)

Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

### COUNT II

That on or about October 1, 1987, and continuing until December 31, 1987, in the Northern District of Florida, the defendants,

>   WILLIE BUD REED, JR. aka Ice,
>   RICKY WILLIAMS aka Big Rick,
>   RUFUS ROCHELL aka Poppa,
>   TERRY L. REED,
>   GREGORY D. SANDERS,
>   and LENORE FOUNTAIN

did knowingly and intentionally possess with intent to distribute more than 50 grams of a mixture containing cocaine base, a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

A TRUE BILL:

_____
FOREPERSON

April 6, 1988
DATE

_____
LYNDIA P. BARRETT
Assistant U. S. Attorney

_____
K. M. MOORE
United States Attorney

P.S. 5880.28
February 21, 1992
Page 1 - 87

**SPC = (Use appropriate pre-SRA SPC)**

<u>District of Utah</u>: Compute all sentences imposed on or after July 18, 1988 but prior to January 18, 1989, in accordance with pre-SRA sentencing laws ("old law" sentencing laws).

**SPC = (Use appropriate pre-SRA SPC)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>ELEVENTH CIRCUIT</u>

<u>Southern District of Florida</u>: For a sentence that was imposed on or after June 30, 1988 but prior to January 18, 1989, compute in accordance with SRA sentencing laws and parole eligibility in accordance with pre-existing SRA laws ("old law" sentencing laws) as follows:

18 USC § 4205(a)

**SPC = 0099   SRA GCT & Parole Eligibility**

(Automatically calculates SRA GCT and parole eligibility in accordance with 4205(a).)